TUCKER ELLIS LLP
Brian K. Brookey SBN 149522
brian.brookey@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:      213.430.3400
Facsimile:      213.430.3409

Attorneys for Plaintiff,
AMTROL LICENSING INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMTROL LICENSING INC., a Rhode Island corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>HYDRONIX WATER TECHNOLOGY LLC, a California limited liability company,<br><br>           Defendant. | ) Case No.<br>)<br>) **COMPLAINT FOR TRADEMARK**<br>) **INFRINGEMENT, FALSE**<br>) **DESIGNATION OF ORIGIN, AND**<br>) **UNFAIR COMPETITION**<br>)<br>) **DEMAND FOR JURY TRIAL**<br>)<br>)<br>)<br>) |

Plaintiff AMTROL Licensing, Inc. ("AMTROL"), complains as follows against Defendant Hydronix Water Technology LLC ("Hydronix").

## JURISDICTION AND VENUE

1.     This is a civil action for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)(1)(A); and for unfair competition under the California Unfair Competition Law, California Business & Professions Code § 17200 *et seq*.

2.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338 and 1367(a).

3.     Hydronix transacts and does business within this judicial district and is committing the acts complained of below within this judicial district. As a result, Hydronix is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

TUCKER ELLIS LLP
Chicago ◆ Cleveland ◆ Columbus ◆ Los Angeles ◆ San Francisco ◆ St. Louis

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because, among other reasons, Defendant Hydronix maintains a physical place of business in this judicial district and on information and Defendant has committed acts of trademark infringement and/or unfair competition within this judicial district.

## THE PARTIES

5.    AMTROL is a Rhode Island corporation with its principal place of business at 1400 Division Road, West Warwick, Rhode Island.

6.    AMTROL alleges on information and belief that Hydronix is a California limited liability company with its principal place of business at 8630 Rochester Avenue, Rancho Cucamonga, California.

7.    AMTROL and Hydronix are direct competitors that market to the same customers, sell through the same channels of trade, and attend the same trade shows.

## AMTROL'S  BUSINESS AND WELL-KNOWN TRADEMARKS

8.    AMTROL is a leading global supplier of vital water systems solutions used for storage, hearing, expansion and flow control. Among other things, AMTROL sells pre-charged water system tanks.

9.    AMTROL owns all right, title and interest in and to a number of incontestable federal trademark registrations incorporating the suffix TROL. These marks include AMTROL, U.S. Trademark Registration Nos. 2,604,069 ; EXTROL, U.S. Trademark Registration No. 843,060; WELL X TROL, Trademark Registration No. 877,254; and THERM-X-TROL, U.S. Trademark Registration No. 1,322,022 (collectively, the "AMTROL Marks"). Copies of the registration certificates for the AMTROL Marks are attached collectively as Exhibit 1.

10.    The AMTROL Marks have been used in interstate commerce for decades. Consumers, including end users, have come to associate products and services provided under the AMTROL Marks as high quality, and as emanating from AMTROL and its predecessors as the single source of those goods and services.

2

5101926.1

TUCKER ELLIS LLP
Chicago ◆ Cleveland ◆ Columbus ◆ Los Angeles ◆ San Francisco ◆ St. Louis

11.     One of the products AMTROL sells under the AMTROL Marks is a line of pressurized water tanks. In addition to incorporating and being sold in connection with the AMTROL Marks, these tanks bear a distinctive blue color that customers have come to associate with AMTROL:



## HYDRONIX'S UNLAWFUL ACTIVITIES

12.     AMTROL alleges on information and belief that as a direct competitor of AMTROL in the quality water system tanks industry, Hydronix is well aware of the goods and services AMTROL provides, of the distinctive color and other features of AMTROL's tanks, and of the family of AMTROL Marks.

13.     Hydronix sells pressurized water tanks that compete directly with AMTROL's products, using the mark AQUATROL. Although Hydronix uses its house marks and other marks such as POLARIS, to sell certain of its products, it chose to use the mark AQUATROL with respect to the same type of pressurized water tanks AMTROL sells. Hydronix has even gone so far as to sell its AQUATROL tanks using a nearly identical shade of blue as that employed by AMTROL:

5101926.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis



15    14.    AMTROL and Hydronix both sell pressurized water tanks, among other products, directly to wholesale customers. Those wholesalers in turn sell to plumbing supply houses, which sell to contractors who install the products at residential and commercial properties.

15.    AMTROL and Hydronix attend the same important trade show, hosted by the National Groundwater Association.

16.    Thus, AMTROL and Hydronix sell directly competing products through the same channels of trade and distribution, and to the same customers.

17.    Consumers encountering the parties' respective marks and goods in the marketplace are likely to be confused as to the source of the goods, and as to whether there is some affiliation between AMTROL and Hydronix. The likelihood of confusion is increased, and Hydronix's willfulness and bad intent are demonstrated, by AQUATROL's use of the same color for the same type of product.

28

4

TUCKER ELLIS LLP

Chicago ◆ Cleveland ◆ Columbus ◆ Los Angeles ◆ San Francisco ◆ St. Louis

18.    AMTROL already has been damaged by Hydronix's use of the AQUATROL marks and its other deceptive practices. For example, AMTROL has lost sales to customers that purchased the cheaper, lower-priced Hydronix products.

19.    Hydronix refused even to respond to, much less to comply with, numerous cease and desist letters with respect to its conduct, necessitating the filing of this Complaint, and further demonstrating its willfulness.

**COUNT I**

**TRADEMARK INFRINGEMENT**

20.    AMTROL repeats, realleges, and incorporates by reference the allegations of paragraphs 1 through 19 of this Complaint as though set forth fully here.

21.    AMTROL is the sole owner of each of the AMTROL Marks, and has never licensed the AMTROL Marks to Hydronix nor authorized Hydronix's use of those marks.

22.    Hydronix is using in interstate commerce the mark AQUATROL, a colorable imitation of the AMTROL Marks, in a manner that is likely to cause confusion among actual and potential consumers, end users, vendors, and the general public.

23.    AMTROL alleges on information and belief that Hydronix's conduct is willful, that Hydronix was well aware of the AMTROL Marks, and that the conduct was expressly designed to create confusion as to source of the goods and services offered by the respective parties, and/or to create a false association between AMTROL and Hydronix.

24.    Hydronix's conduct as alleged above constitutes infringement of each of the AMTROL Marks pursuant to 15 U.S.C. § 1114(1).

25.    As a remedy for Hydronix's willful infringement, AMTROL is entitled to monetary damages against Hydronix in an amount according to proof.

26.    Additionally, Hydronix's conduct makes this case exceptional, entitling AMTROL to an award of attorneys' fees.

27.    Hydronix's willful infringement has caused and, unless it is enjoined, will continue to cause irreparable harm and damage to AMTROL and its business, reputation,

5101926.1

1  and goodwill. As a result, there is no adequate remedy at law, and AMTROL is entitled to

2  a preliminary and permanent injunction against Hydronix and everyone acting in concert

3  with it.

## COUNT II

## FALSE DESIGNATION OF ORIGIN

6  28.    AMTROL repeats, realleges, and incorporates by reference the allegations of

7  paragraphs 1 through 27 of this Complaint as though set forth fully here.

8  29.    Each of the AMTROL Marks designates AMTROL as the exclusive source

9  of goods and services provided under those marks, including pressurized water tanks.

10  Consumers encountering the AMTROL Marks associate those marks with AMTROL.

11  30.    Each of the AMTROL Marks is inherently distinctive, and had gained

12  secondary meaning long before Hydronix adopted the AQUATROL Mark.

13  31.    Hydronix's use in interstate commerce of the AQUATROL Mark is likely to,

14  and on information and belief is expressly designed to, cause confusion, mistake, and

15  deception in the minds of actual and potential consumers, end users, vendors, and the

16  general public.

17  32.    Individuals encountering the AQUATROL Mark are likely to believe that

18  AMTROL and Hydronix are the same company, or that there is some sponsorship,

19  business relationship, or other affiliation between the parties.

20  33.    Hydronix knew or should have known that its use of the AQUATROL Mark

21  would cause such confusion. AMTROL alleges on information and belief that Hydronix's

22  use was designed to cause confusion in an attempt to trade on the goodwill associated with

23  the AMTROL Marks, and/or to pass itself off as being the same company as, or affiliated

24  with, AMTROL.

25  34.    Hydronix's conduct as alleged above constitutes false designation of origin

26  pursuant to 15 U.S.C. § 11125(a)(1)(A).

27  35.    Additionally, Hydronix's conduct makes this case exceptional, entitling

28  AMTROL to an award of attorneys' fees.

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

5101926.1

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

36.    Hydronix's willful false designation of origin has caused and, unless it is enjoined, will continue to cause irreparable harm and damage to AMTROL and its business, reputation, and goodwill. As a result, there is no adequate remedy at law, and AMTROL is entitled to a preliminary and permanent injunction against Hydronix and everyone acting in concert with it.

**COUNT III**

**UNFAIR COMPETITION UNDER CALIFORNIA LAW**

37.    AMTROL repeats, realleges, and incorporates by reference the allegations of paragraph 1 through 36 of this Complaint as though set forth fully here.

38.    By engaging in the activities complained of above, Hydronix has intentionally caused a likelihood of confusion among consumers and the general public. These acts constitute fraudulent, unlawful, and unfair business practices and misleading advertising, as defined and prohibited by California's Unfair Competition Law, California Business and Professions Code §17200 *et seq.*

39.    Hydronix's acts of unfair competition were and are willfully undertaken with full knowledge of AMTROL's intellectual property rights, and with the intent to benefit from AMTROL's reputation and goodwill, and to "pass off" Defendant's goods and services as emanating from or affiliated with AMTROL.

40.    Hydronix's acts of unfair competition have caused and, unless enjoined, will continue to cause irreparable harm and damage to AMTROL and its business, reputation, and goodwill. As a result, there is no adequate remedy at law, and AMTROL is entitled to a preliminary and permanent injunction against Hydronix and everyone acting in concert with it.

41.    Defendant's unlawful conduct has caused, is causing and, unless enjoined, will continue to cause irreparable harm and damage to Plaintiff and its business, reputation and goodwill. On information and belief, Defendant has profited from its unlawful and unfair business practices.

7

5101926.1

42.     As a remedy for Hydronix's acts of unfair competition, AMTROL is entitled to monetary damages and restitution from Hydronix.

## PRAYER FOR RELIEF

THEREFORE, AMTROL prays for judgment as follows:

A.     That a preliminary and permanent injunction be entered, enjoining Hydronix and its agents, servants, employees and attorneys and those persons in active concert or participation with them:

        1.     from using the AQUATROL Mark or any other mark which confusingly similar to any of the AMTROL Marks,  Marks, including, without limitation, as a trademark, service mark, corporate name, trade name, as part of a domain name, on any social media platform, and in any marketing, advertising, or promotional materials;

        2.     from using in connection with the sale of any goods or services, a false or misleading description or representation including words or other symbols tending to deceive; and

        3.     from committing any acts of unfair competition, unfair trade practices, false advertising, or any other unlawful or fraudulent activities relating to the AMTROL Marks;

B.     That Hydronix be required to pay such actual damages as AMTROL has sustained because of Hydronix's violations of the Lanham Act as alleged above, and that such an award be trebled pursuant to 15 U.S.C. § 1117;

C.     That Hydronix be required to account to AMTROL for all profits resulting from Hydronix's infringing activities, and that such profits be trebled pursuant to 15 U.S.C. § 1117;

D.     That the Court find this case exceptional and award AMTROL its reasonable attorneys' fees incurred in this matter;

E.     That AMTROL be granted injunctive relief and an award of restitution for Hydronix's violation of California Business and Professions Code §17200 *et seq.;*

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

5101926.1

F.    That AMTROL be awarded its reasonable costs of suit; and

G.    For such other or additional relief the Court deems proper.

DATED:  April 15, 2021                    Tucker Ellis LLP


By: /s/ *Brian K. Brookey*
Brian K. Brookey
brian.brookey@tuckerellis.com
Attorneys for Plaintiff,
AMTROL LICENSING INC.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.


DATED:  April 15, 2021                    Tucker Ellis LLP


By: /s/ *Brian K. Brookey*
Brian K. Brookey
brian.brookey@tuckerellis.com
Attorneys for Plaintiff,
AMTROL LICENSING INC.

5101926.1